[No. 2,929.]

SAMUEL SOULE, ADMINISTRATOR, ETC., OF THOMAS R. HOPE, DECEASED, v. FRED. BILLINGS, J. STEARNS, L. D. ALLEN, C. C. BUTLER, PETER DONAHUE, WILLIAM PIERCE, AND MANY OTHERS.

A STRANGER TO AN ACTION CANNOT MOVE TO DISMISS IT.—In an ejectment case for a large tract of land, and in which many fictitious defendants were named: *held*, that a person, not named nor served as a party, and who had neither appeared, answered, or demurred, nor asked to be made a party, was a stranger to the proceedings, and could not, though an owner of land embraced within the tract sued for, maintain a motion to dismiss the action as to such land.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment for an undivided fourth part of a tract of about eighty acres of land in the City and County of San Francisco. The suit was originally commenced in the name of William A. Quarles, Administrator

of the Estate of Thomas R. Hope; but afterwards, Soule being appointed administrator in his place, he was substituted in this case. The defendants embraced about seventeen persons well known, and a great number of fictitious names, alleged to be unknown.

The action was commenced on April 17th, 1868. On July 18th, 1870, a motion was made by George Turner, on behalf of himself and his wife, Sarah R. Turner, to dismiss the action as to them and as to lots one, two, five, and six, in block two hundred and seventy-one, of the Western Addition of San Francisco, and included in the tract sued for, on the grounds that Sarah R. Turner, the owner of such lots, was a citizen, well known upon the records as such owner, but was not named as a party; that no suing by a fictitious name was proper as to lands of such well known owner; that no summons had ever been served upon said owner, though the suit had been brought for so long a period; that the action was evidently intended to cloud and embarrass the title of the said owner; and that it was not prosecuted properly or in good faith or with proper diligence. A supplemental motion to the same effect was made on January 23d, 1871, and affidavits were presented sustaining the grounds upon which the motion was urged.

After argument, the Court below sustained the motion as to Mrs. Sarah R. Turner, and the action was dismissed as to her. Plaintiff appealed from the judgment.

*Estee & McLaurin,* for Appellant.

The summons had not been served, nor had any answer, demurrer, or written notice of appearance, been served or filed in the cause. The Court, therefore, had not acquired jurisdiction, and could not entertain the motion. (Practice Act, Secs. 35, 523.)

Sarah R. Turner, not being a party defendant in the action, was not entitled to make the motion to dismiss.

*George Turner*, for Respondents.

The motion to dismiss was an appearance; and whether it was a special appearance for the motion or a general appearance in the cause, the Court below had jurisdiction. (*Glidden* v. *Packard*, 28 Cal. 649; *Deidesheimer* v. *Brown*, 8 Cal. 339.)

The dismissal of the action was a proper exercise of the discretion of the Court below. (*Grigsby* v. *Napa*, 36 Cal. 588.)

By the Court, SPRAGUE, J.:

The respondents do not appear to have been made or ever to have become parties to the suit in which, upon their motion, the order appealed from was made; neither of them was named as a party plaintiff or defendant, and no service of summons appears to have been made upon them or either of them, nor has any appearance been entered in the suit for either; neither of them has answered or demurred, nor have they asked to be made party thereto or to intervene therein; but without right or authority derived from any code of civil procedure with which I am acquainted they intrude a motion in a proceeding to which they are strangers, which results in an order of the Court dismissing the suit as to a portion of the subject matter thereof.

This novel and summary mode of quieting title may be convenient, but is without legal sanction.

The Court, in my judgment, should not have entertained respondents' motion, and its judgment based thereon, dismissing appellant's suit as to certain lots named in his complaint, is clearly erroneous, and should be reversed and cause remanded, with directions to deny the motion; and it is so ordered.