[No. 15088.   Department One.—August 29, 1893.]

# L. KREISS, APPELLANT, v. A. P. HOTALING, RESPONDENT.

DISMISSAL — DELAY IN SERVICE OF SUMMONS — DISCRETION. — The court below has discretion to dismiss a cause for delay of nearly two years in the service of the summons upon the defendant.

ID. — LIMITATION OF DISCRETION. — The only limitation upon the exercise of the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused; and it is for the court, in the exercise of its discretion, after hearing the statement of the parties, to determine whether the plaintiff was or was not acting in good faith and in the exercise of reasonable diligence.

ID. — INSUFFICIENT EXCUSE FOR DELAY — APPEAL FROM ORDER STAYING JUDGMENT UPON AWARD. — It is not a sufficient excuse for long delay in the service of summons in an action, where it appears that it can be served promptly without difficulty, that the complaint in the action was filed to prevent the running of the statute of limitations upon the cause of action, and that an appeal was pending from an order of the court, upon motion of the plaintiff, granting a perpetual stay of execution on a judgment upon an award in favor of the defendant, under an arbitration of the subject-matter of the action.

ID. — DELAY OF LESS THAN THREE YEARS — CONSTRUCTION OF CODE. — Section 581 of the Code of Civil Procedure, as amended in 1889, is not prohibitory, and was not intended to limit the power of the court to determine whether there has been an inexcusable delay to serve the summons within the term of three years fixed by that section, but rather to confer power upon the court *of its own motion* to dismiss an action which has been pending for that period without service of summons. The discretion of the court remains as before, and each case must be determined upon its own peculiar circumstances.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Henry E. Highton,* for Appellant.

The dismissal was not a proper exercise of discretion, and, under the circumstances, was such an abuse of discretion as the court will correct. (*Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 505; *Clavey* v. *Lord,* 87 Cal. 419; *Wolff* v. *Canadian Pacific R'y Co.,* 89 Cal. 332; *McDonald* v. *Swett,* 76 Cal. 258, 259.) The court had no discretion in the matter, but was required to deny the motion. (Code Civ. Proc., sec. 581. See *Reynolds* v. *Page,* 35 Cal. 300; *Eldridge* v. *Kay,* 45 Cal. 49.)

*A. N. Drown,* for Respondent.

The court properly dismissed the action upon the showing

made. (*Kubli* v. *Hawkett*, 89 Cal. 638, 642; *Simmons* v. *Keller*, 50 Cal. 38; *Pickett* v. *Hastings*, 39 Cal. 107; *Eldridge* v. *Kay*, 45 Cal. 49; *Dupuy* v. *Shear*, 29 Cal. 238, 242; *Saville* v. *Frisbie*, 70 Cal. 87; *Kornahrens* v. *Creditors*, 64 Cal. 492; *Odd Fellows' Sav. Bank* v. *Deuprey*, 66 Cal. 168.)

PATERSON, J. — The appeal in this case is from a judgment dismissing the action on motion of plaintiff on the ground that there had been an unreasonable delay in service of the summons. The action was commenced November 11, 1889, and summons was issued on the same day, but was not served on defendant until October 12, 1891. Upon the hearing of the motion it was shown that the defendant's places of business and residence were well known, and that he could have been found at any time, except on three occasions, when he was temporarily away from the city; that he had repeatedly conversed with the attorney for the plaintiff after the commencement of the action. The counter-affiadvits of plaintiff show that the plaintiff delayed the service of the summons because he desired not to put the defendant to the expense and annoyance of a trial, or even answering in the case; that all the matters involved in this action had been the subject of arbitration between the parties, which had resulted in an award and judgment in favor of the defendant; that if said award should stand, it would finally dispose of all the matters in dispute between the parties, but on motion of the plaintiff it had been held to be invalid as a judgment of the court; that the defendant had appealed from the decision of the court, holding that it was not good as a statutory award and judgment; and that it would be a useless expense to proceed with the trial of this action during the pendency of said appeal. It appears from the affidavit of counsel for plaintiff that "on or about November 11, 1889, when this action was commenced by filing the complaint and issuing the summons thereon, the situation of the controversy between the plaintiff and the defendant was such that it was deemed necessary to file the said complaint so as to avoid any possible plea of the statute of limitations." The appeal referred to was taken in May, 1889. The matter was argued in this court in August, 1891, but was not determined until a few days before the motion was made in the court below

to dismiss the action.   At the conclusion of his affidavit the defendant stated that counsel for the plaintiff visited his house to examine the work done and materials furnished by the plaintiff, compensation for which forms the basis of this action, and said to defendant as he left the latter's residence: " You have been wronged, and I can see it, and I will never serve those papers."

Upon this showing we cannot say that the court below abused its discretion in granting the motion to dismiss.   It is probable that if the motion had been denied, and the defendant had appealed, we would have said that the court did not abuse its discretion in denying the motion.   "To say that the law allows no latitude for the exercise of discretionary power, is to deny that the power is discretionary.   The only limitation that the law has placed upon the exercise of discretionary judicial power is that it must not be abused." (*Clavey* v. *Lord*, 87 Cal. 419.) It was for the court, in the exercise of its discretion, after hearing the statements of the parties, to say whether the plaintiff was acting in good faith and had exercised reasonable diligence. The facts that the statute of limitations would have run against plaintiff's cause of action unless the suit had been commenced in November, 1889, and that the appeal from the order of the court below granting a perpetual stay of execution on the judgment proceeding was pending, are immaterial. (*Simmons* v. *Keller*, 50 Cal. 38.)

We think counsel for appellant puts an erroneous construction upon section 581 of the Code of Civil Procedure as amended in 1889.   That amendment provided that no action shall be further prosecuted, and that no further proceedings shall be had therein, and that all actions theretofore or hereafter commenced shall be dismissed by the court on its own motion, or on the motion of any party interested, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served within three years after the commencement of the action, or unless an appearance has been made by the defendant within said three years; and it is claimed that the amendment is in effect a legislative declaration that three years is a reasonable time within which to make service of the summons.   Prior to the adoption of that amendment the court had no power—

at least, there was a question whether the court had power, *on its own motion*—to dismiss an action which had been pending for a long time without service of the summons. In the various superior courts of the state numerous cases, chiefly tax and street assessment cases, were pending, which affected the title to real estate, and which could not be disposed of because of the death or removal of parties, and the fact that there was no one entitled to give or receive notice. It was to meet the objection found in *Soule* v. *Billings*, 42 Cal. 285, and to enable the courts to avoid this difficulty and rid their calendars of dead cases, that this amendment was passed by the legislature. This new provision is in no sense prohibitory. It does not limit the power of the court, but enlarges the same. It provides what must be done under certain circumstances. The discretion of the court to determine whether there has been an inexcusable delay within the term of three years still remains, and each case must be determined upon its own peculiar circumstances.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.