[S. F. No. 5878.   Department One.—September 4, 1912.]

## GEORGE F. WITTER, Jr., Appellant, v. JOSEPHINE A. PHELPS, Respondent.

PRACTICE—DISMISSAL OF ACTION—DELAY IN SERVING SUMMONS.—Notwithstanding section 581a of the Code of Civil Procedure (Stats. 1907, p. 712), making it mandatory upon the trial court to dismiss an action where the summons had not been issued within one year, or served and returned within three years, the court still retains the discretionary power to dismiss for undue delay in issuing or serving summons even though the delay has been for a shorter period than that named in the section.

ID.—APPEAL—REVIEW OF ORDER OF DISMISSAL—CONFLICTING AFFIDAVITS. In reviewing an order dismissing an action for undue delay in serving the summons, based upon conflicting affidavits of the respective parties, it must be assumed that the trial court found the facts to be as asserted by the moving party.

ID.—DISCRETION—DELAY OF MORE THAN TWO YEARS—KNOWLEDGE OF WHEREABOUTS OF DEFENDANT.—The trial court did not abuse its discretion in dismissing an action for a delay of two years and three months in serving the summons, when the moving affidavits warranted the conclusion that the plaintiff knew where the defendant was during all of that period, and could have served her at any time had he so desired, and also tended to show that the matters involved in the action had been fully compromised and settled by the parties, and that in the mean time a material witness for the defendant had died.

ID.—WAIVER OF RIGHT TO DISMISSAL—DEMURRING AND MOVING FOR
CHANGE OF VENUE.—The defendant, after being served with summons, did not waive the right to have the action dismissed for undue delay in making the service by demurring to the complaint and moving for a change of the place of trial.

APPEAL from a judgment of the Superior Court of San Mateo County. George A. Sturtevant, Judge, presiding.

The facts are stated in the opinion of the court.

George F. Witter, and Henry G. Tardy, for Appellant.

Ross & Ross, for Respondent.

SLOSS, J.—Plaintiff appeals from a judgment of dismissal.

On May 1, 1908, plaintiff filed his complaint, asking the recovery of one hundred thousand dollars' damages for the breach of an alleged contract. The action was commenced in the city and county of San Francisco. Summons was issued at once, but was not served on the defendant until the third day of August, 1910, two years, three months and two days after the filing of the complaint and the issuance of summons. On August 17, 1910, the defendant appeared by filing a notice of intention to move for change of place of trial to the county of her residence, San Mateo, together with a demand for such change, an affidavit of merits, and a demurrer. The motion was granted and, on September 21, 1910, the papers in the cause were filed in San Mateo County.

On October 13, 1910, the defendant served and filed her notice of intention to move for a dismissal of the action upon the grounds of long and unnecessary delay in the service of summons "and because of the laches, lack of diligence and want of prosecution in and of said action by the plaintiff." The appeal is from the judgment entered upon the order of the court granting the motion.

The power of the court to dismiss an action for want of reasonable diligence in prosecuting it has often been declared by this court. (*First Nat. Bank* v. *Nason,* 115 Cal. 626, [47 Pac. 595]; *Mowry* v. *Weisenborn,* 137 Cal. 110, [69 Pac. 971]; *People* v. *Jefferds,* 126 Cal. 296, [58 Pac. 704].) In 1889, subdivision 7 was added to section 581 of the Code of Civil Procedure. (Stats. 1889, p. 398.) The effect of the subdivision, which, as amended (Stats. 1895, p. 31) was, in substance

re-enacted in 1907 as section 581a (Stats. 1907, p. 712) was to make it mandatory upon the court to dismiss where the summons had not been issued within one year, or served and returned within three years. (*Vrooman* v. *Li Po Tai,* 113 Cal. 302, [45 Pac. 470]; *Sworlfiguer* v. *White,* 141 Cal. 576, [75 Pac. 172].) But this did not affect the discretionary power of the court to dismiss for undue delay in issuing or serving summons, even though the delay had been for a shorter period than that named in the statute. (*Kreiss* v. *Hotaling,* 99 Cal. 383, [33 Pac. 1125]; *Stanley* v. *Gillen,* 119 Cal. 177, [51 Pac. 183]; *Ferris* v. *Wood,* 144 Cal. 426, [77 Pac. 1037]; *Marks* v. *Keenan,* 148 Cal. 161, [82 Pac. 772]; *Bernard* v. *Parmelee,* 6 Cal. App. 545, [92 Pac. 658].)

The order appealed from must, accordingly, be affirmed unless we can say that the court below abused its discretion in determining that the delay in the service of summons had been unreasonably long and that plaintiff had failed to prosecute his action with due diligence. The record would not warrant a holding that there had been such abuse. In so far as affidavits presented by the respective parties were conflicting, it must here be assumed that the court below found the facts to be as asserted by the moving and prevailing party. So assuming, the evidence justified the conclusions that plaintiff knew, when he commenced the action, and at all times thereafter, that the defendant resided at San Carlos, San Mateo County, and that she could there be found if it were his desire to make service upon her. The defendant's evidence also tended to show that the matters involved in the action had been fully compromised and settled between the parties, and that, until the service upon her, she was unaware of the pendency of the action. In the mean time, a material witness, whose testimony would have aided in establishing the defense of settlement, had died. The plaintiff's affidavit alleged that the delay in service had been actuated by a feeling of consideration for the defendant, who was in poor health. On the other hand, the defendant's showing, which, as we have said, must be taken to have been accepted by the trial court, warranted a conclusion that the action was instituted, not in good faith, but for the purpose of harassing the defendant. Under all the circumstances, it cannot be held that the granting of the motion involved an abuse of discretion.

We do not agree with the contention that, by demurring and moving for a change of place of trial, the defendant waived the right to object to any °delay which had occurred theretofore. Having been served with summons, she was bound to appear, and either demur or answer. Her demand for change of venue could be made only at the time she so answered or demurred. (Code Civ. Proc., sec. 396.) She was entirely within her rights in insisting upon the change, and in making her motion for a dismissal in the court to which the action had been removed. By thus taking advantage of her rights, she did nothing which should be held to affect her right to complain of the delays which had occurred.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.