[Civ. No. 2649. Second Appellate District, Division One.—July 23, 1919.]

T. G. WATTERSON, Appellant, v. HILLSIDE WATER COMPANY (a Corporation), et al., Respondents.

[1] DISMISSAL — SERVICE OF SUMMONS — TIME — LACK OF DILIGENCE— DISCRETION OF COURT.—The time limit fixed by section 581a of the Code of Civil Procedure within which the plaintiff may secure service of summons is not absolute. The court may in its discretion dismiss an action prior to the expiration of that time where the summons is not served with reasonable diligence.

[2] ID.—DELAY OF TWO YEARS—INSUFFICIENT EXCUSES.—In this action neither the mistake of plaintiff in believing that he had the full three years after filing the complaint in which to serve summons, nor the fact that one of his attorneys died, depriving him of his advice and counsel, there being no showing that he was unable to secure other competent and sufficient legal advice, nor the fact that he desired to have the advice of the decision on appeal in another case pending in the supreme court, constituted any defense to the defendants' motion to dismiss the action for want of prosecution, the summons having been served more than two years after the filing of the complaint.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard S. Miner and P. W. Forbes for Appellant.

John R. Dixon, Isaac B. Potter, Newman Jones and L. C. Hall for Respondents.

JAMES, J.—This action was by the superior court ordered to be dismissed. The judgment of dismissal was entered upon motions made respectively and separately by defendant Hillside Water Company and The Owens River Canal Company. The ground of the motions in each case was that the plaintiff had failed to prosecute his action with reasonable diligence. In the case of the Owens River Canal Company the motion was made before summons had been served, while in the case of the Hillside Water Company the motion was made approximately one month after the service of summons and after demurrer had been filed by that defendant, but before answer. The action was commenced on February 10, 1913. The notice of motion to dismiss was given by the Canal Company on March 15, 1915. The notice of motion was given by the Hillside Water Company on April 24, 1915. So it will be noted that in each case more than two years had elapsed from the date of the commencement of the action before the notices to dismiss were served.

[1] Appellant first urges that the court had no discretionary power to grant the motions. He suggests that unless such authority is found in the statute, it does not exist; but in view of the decided cases which are to the contrary, we do not think that we are expected to take this argument seriously. The real point of the argument of appellant is that because of provisions contained in sections 581a and 583 of the Code of Civil Procedure, the discretionary power of the court to dismiss an action for want of prosecution has been limited. Section 583 provides in part as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring

such action to trial. . . . " Section 581a in substance provides that unless summons shall have been issued within one year and service and return made within three years after commencement of the action, the action shall be dismissed. In the case of the Canal Company the motion was made, as noted, before service of summons had been had. No appearance had been made on the part of that defendant. Section 583 provides that after answer filed discretion is vested in the superior court to dismiss an action within two years for failure of the plaintiff to bring his cause on for trial. It has been held that where the motion is made under the latter section, two years must have elapsed after the filing of the answer before the court is vested with authority to dismiss. In *Romero* v. *Snyder*, 167 Cal. 216, at page 219, [138 Pac. 1002], the court says: "We think the language of section 583 supports the theory of the plaintiff that *in cases where an answer has been filed the court should not dismiss the action for want of prosecution unless the plaintiff has delayed for two years thereafter to bring the action on to trial.* The declaration that the court, in its discretion, may dismiss the case because of such inaction for two years implies that inaction of that kind for a shorter period will not suffice." The court further in that decision declares that the general power of courts of general jurisdiction to dismiss for failure to prosecute an action with reasonable diligence is not to be disputed, and cites many decisions of the supreme court of the state to that effect, but declares that the general doctrine is inapplicable where the motion comes after answer filed under the provisions of section 583 of the Code of Civil Procedure. The decision reaffirms the general rule and admits the authority of the court to so dismiss an action where the motion is made prior to answer filed, or where it is made because of failure to serve summons prior to the lapse of time mentioned in section 581a. Under the latter head, after citing prior decisions of the court, it is said: "These decisions declare that the provision in question merely fixes a limit beyond which the court's discretion ceases and a dismissal becomes mandatory upon motion of the opposite party, and further that it gives the court the additional power to dismiss an action in such a case of its own motion. No minimum time is specified in that section, or anything to indicate that a period of de-

lay less than that which makes a dismissal mandatory would be sufficient, if the court, in its sound discretion, thinks otherwise. There is no apparent purpose therein to regulate the exercise of the court's power, except to make it imperative that in the specified contingency the action shall be dismissed." It is further held in that decision that the court's power is unaffected by the limitation mentioned in section 583 of the Code of Civil Procedure, even though demurrer may have been filed. In *Overaa* v. *Keeney,* 169 Cal. 628, [147 Pac. 466], the statutory limit of time within which summons must be served and filed had not expired. Dismissal of the action upon motion made after such service was sustained. In *Mori* v. *Mori,* 171 Cal. 79, [151 Pac. 1136], the court said: "It is well settled that the trial court has power to dismiss for undue delay in issuing or serving summons, even though the delay has been for a shorter period than that which, under the terms of section 581a of the Code of Civil Procedure, gives the defendant an absolute right to a dismissal"; citing *Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593]. In *Bernard* v. *Parmelee,* 6 Cal. App. 537, [92 Pac. 658], it was held, under the facts of that case, that the neglect to serve summons for a period of more than four months was good ground for the granting of a motion to dismiss. It follows that the principal law questions argued as against the judgment must be resolved adversely to the appellant.

[2] There remains only the single question as to whether the court, under the facts shown in the affidavits presented at the hearing of the motions, abused its discretion in determining the matter against the plaintiff. The principal affidavit in opposition to the motions was made by one of the attorneys for appellant. In that affidavit it was set forth that in 1909 another action had been commenced by this plaintiff against the Owens River Canal Company; that that action had been tried and a decision finally rendered on appeal, and that plaintiff had delayed serving the summons and bringing this action on for hearing, because he desired to have the advice of the decision on appeal in the other case, and "in order to ascertain the points of law which would be decided by said supreme court upon said appeals and thus both said plaintiff and affiant would be, and also said defendants, the better prepared to try said action No. 1388, in this court." He sets forth further

that in January, 1913, which was before this action was commenced, one of the attorneys of the plaintiff in the other action had died and plaintiff had been deprived of advice and counsel by reason thereof. Further, that the plaintiff had been of the opinion that the law as expressed in section 581a of the Code of Civil Procedure allowed him three years from the date of filing his complaint within which to serve summons in the action. We are unable to conclude that any of these matters to which reference has been made afforded any proper defense to the motions to dismiss. The defendants were entitled to have the action prosecuted with diligence, regardless of the wish of the plaintiff that he might, by reason of decision to be rendered on appeal in the other case, obtain advice upon propositions involved which would be useful to him. (The Hillside Water Company was not even a defendant in the other action mentioned.) The fact that one of the plaintiff's attorneys had died before the commencement of this action certainly could afford no excuse for failing to serve the summons with reasonable promptness. There is no showing but that many other attorneys were accessible to the plaintiff all of the time while the action was pending, or that he was in any way prevented from securing competent and sufficient legal advice. Plaintiff's mistake as to his rights under section 581a of the Code of Civil Procedure affords no ground whatsoever to excuse him from the effect of the delay in prosecuting his action. The case of *Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002], which is quite illuminating on the question, was decided in February, 1914, and even after that decision had been rendered plaintiff took no action to have the summons served until another year had elapsed. We can find no reason at all to conclude that the trial court was in error.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 18, 1919.

All the Justices concurred.