[Sac. No. 4923. In Bank.—June 11, 1935.]

FEATHER RIVER LAND AND MINING CO. (a Corporation), Appellant, v. PARADISE IRRIGATION DISTRICT (a Public Corporation), Respondent.

D. Joseph Coyne and Leslie K. Floyd for Appellant.

H. S. Clewett for Respondent.

THE COURT.—Appeal from a judgment of dismissal of the action on motion of the defendant based on alleged lack of diligence in the prosecution of the cause.

The plaintiff was the owner of lands, including mineral rights therein and certain improvements thereon, located within the defendant irrigation district.

From 1917 to 1927, inclusive, the plaintiff paid irrigation district assessments levied against said lands. The lands were sold to the district for delinquent assessments of 1928.

On April 11, 1933, the plaintiff filed the complaint seeking to quiet its title against the district and for other incidental relief, claiming that the assessments were confiscatory and otherwise invalid. Summons was issued upon the filing of the complaint but was not served until May 17, 1934, notwithstanding the fact that the district maintained its offices in the county of Butte and its officers were at all times known to the plaintiff's attorney and available for service of summons.

On May 1, 1934, the district commenced an action against the plaintiff involving the property, and process was served on the defendant therein (plaintiff herein), prior to May 17, 1934. The defendant's motion to dismiss was granted on the showing made by affidavit that the plaintiff had purposely delayed, and without reason, the prosecution of the

action and was therefore guilty of lack of diligence in the premises.

The parties agree that, in addition to the statutory grounds for dismissal of actions for lack of prosecution, the court has inherent power, limited by sound discretion, to dismiss an action for want of reasonable diligence in the prosecution thereof. (See *Witter* v. *Phelps,* 163 Cal. 655 [126 Pac. 593].) The only question presented is whether the trial court, as contended by the plaintiff, was guilty of such an abuse of discretion as would require this court to reverse the judgment of dismissal. The defendant's showing was sufficient, *prima facie,* to justify the court's order. The plaintiff's showing was to the effect that there had been continual and protracted negotiations for a settlement of the controversy and in addition that no prejudice to the defendant by reason of the delay had been shown. It appeared that negotiations for a settlement had been carried on between the parties commencing November 4, 1932, but most of these negotiations had been had prior to the commencement of the present action. No steps appear to have been taken looking to a compromise after August 15, 1933, or about nine months before the service of summons which was in the following May. The plaintiff offered no other excuse for the delay and there is no reply to the statement of counsel for the defendant that whatever interest the plaintiff may have in the property can be fully protected in the action subsequently filed.

On the record presented it cannot be said that there was an abuse of discretion on the part of the trial court in dismissing the action.

Judgment affirmed.