[Civ. No. 9156. First Appellate District, Division One.—October 3, 1935.]

C. D. LIEB, Appellant, v. M. LAGER et al., Respondents.

Oliver Dibble for Appellant.

Abraham M. Dresow for Respondents.

TYLER, P. J.—Dismissal of action for lack of diligence in the prosecution thereof. Plaintiff sued the defendants upon an open book account and upon an account stated. The complaint was filed and summons issued thereon on October 29, 1930. No further action was taken by plaintiff until January 30, 1933, a period of some two years and three months thereafter, when one of the defendants was served with complaint and summons. Thereupon both defendants made a motion to dismiss. The motion was heard upon affidavits. The affidavits of defendants show that they were available and accessible at all times subsequent to the filing of the complaint and could have been served. This fact was not denied by plaintiff. The affidavit of plaintiff in opposition to the motion sets forth that within two months after the filing of the complaint he met defendant Lager and at said time the subject-matter of plaintiff's demand was discussed and plaintiff advised this defendant that he had sued on the account; that Lager then stated he would see his partner and suggested that plaintiff take no further steps or incur further expense in the prosecution of said action pending a possible adjustment thereof. Plaintiff's affidavit further stated that on different occasions thereafter similar statements were made by Lager to plaintiff, without results, until finally plaintiff caused the

complaint and summons to be served. Defendant Lager filed a counteraffidavit in which he denied that he had ever engaged in the conversations set forth in plaintiff's affidavit. The court granted the motion to dismiss the action for want of diligence in the prosecution thereof and gave judgment for defendants. Plaintiff appeals from the order of dismissal and from the judgment based thereon.

Section 581a of the Code of Civil Procedure makes provision for mandatory dismissal of an action where summons is not served within three years. It is conceded, however, as indeed it must be, that courts may, in the exercise of a wise discretion, dismiss a case when the delay in service is for a period shorter than that named in the statute. (9 Cal. Jur., p. 536.) It is appellant's contention, however, that where nothing more than the mere lapse of time is brought to the attention of the court—where no facts are established to show any prejudice resulting from the delay in serving summons—and the delay is less than three years, it is an abuse of power to dismiss an action; that in order to exercise discretion some facts other than the mere lapse of time must be addressed and presented to the court in order to enable it to exercise discretion, otherwise the arbitrary policy of the law as expressed by section 581a must govern, and only in cases where the delay is for three years or more can an order of dismissal be made. As above indicated, it is an inherent right, and therefore one existing independent of any statute, to dismiss a suit for a failure to prosecute it with due diligence. (*Grigsby* v. *Napa County,* 36 Cal. 585 [95 Am. Dec. 213]; *Raggio* v. *Southern Pacific Co.,* 181 Cal. 472 [185 Pac. 171].) As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use diligence to expedite his case to a final determination that there may be an end to litigation. The question of diligent prosecution is one largely committed to the discretion of the lower court. (*Ferris* v. *Wood,* 144 Cal. 426 [77 Pac. 1037].) The only limitation upon the exercise of the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused. (*Kreiss* v. *Hotaling,* 99 Cal. 383 [33 Pac. 1125].) Here the motion was heard upon conflicting affidavits and it must be assumed that the court below found the facts to be as asserted

by the moving and prevailing party. (*Witter* v. *Phelps*, 163 Cal. 655 [126 Pac. 593].) The argument that the discretion is controlled by section 581a of the Code of Civil Procedure where no actual prejudice is shown is without merit. Even if it be assumed that the delay here involved did not injure the defendants, it is no excuse in itself for the tardy service, and this fact in no manner controlled the action of the court in the exercise of its discretion. (*Anderson* v. *Nawa*, 25 Cal. App. 151 [143 Pac. 555].) To say that the court is so limited is to deny its exercise of discretionary power in all cases. As we have seen, the only limitation that the law has placed upon the exercise of discretionary judicial power is that it must not be abused. (*Clavey* v. *Lord*, 87 Cal. 413, 419 [25 Pac. 493].) From the facts before us we cannot say that the court abused its discretion.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.