[Civ. No. 10291. First Appellate District, Division One.—May 11, 1937.]

FLOYD THOMPSON, Appellant, v. NATHAN L. LESTER et al., Respondents.

Thomas A. Thacher, Harrison A. Jones, W. Kevin Casey and Thacher, Jones & Casey for Appellant.

Brobeck, Phleger & Harrison for Respondents.

THE COURT.—An appeal from an order dismissing an action for delay in the service of summons.

The action was brought to recover the balance unpaid on a promissory note secured by a deed of trust after a sale thereunder of certain real property. The sale was made to the holder of the note on November 19, 1934, and the complaint was filed on February 16, 1935. Service of summons was made on defendant Ethel G. Lester on April 17, 1936. None of the other defendants was served until after the motion to dismiss was filed. The motion was made and granted on the grounds that the action had not been prosecuted with reasonable diligence and that there had been an unreasonable and inexcusable delay in the service of the summons.

Plaintiff contended that defendants had evaded service; but the evidence by affidavits—which the court believed—showed the contrary. He also claimed that the delay was due to the fact that he was awaiting the decision of a pending action between other parties which involved section 2924½ of the Civil Code, relating to sales under mortgages and deeds of trust. There was also evidence that defendants, owing to the delay, lost certain rights to relief under the moratorium acts, and that the property was sold for less than its reasonable value.

In considering an appeal from an order based on affidavits this court is bound by the same rule which controls when oral testimony is presented for review, and, when conflicting, those in favor of the prevailing party must be taken as true. (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001]; *Patterson* v. *Keeney,* 165 Cal. 465 [132 Pac. 1043, Ann. Cas. 1914D, 232].)

■ The power of the court to dismiss for unreasonable delay in the service of summons is well settled. (*Feather River etc. Co.* v. *Paradise Irr. Dist.,* 3 Cal. (2d) 733 [46 Pac. (2d) 147].) This is without regard to the merits or demerits of the cause of action (*Bell* v. *Solomons,* 162 Cal. 105 [121 Pac. 377]); and the order will not be disturbed unless the court's discretion has been abused. (*Lieb* v. *Lager,* 9 Cal. App. (2d) 324 [49 Pac. (2d) 886].) ■ A plaintiff's lack of diligence is not excused by the fact that other proceedings are pending (*Kreiss* v. *Hotaling,* 99 Cal. 383 [33 Pac. 1125]; *Watterson* v. *Hillside Water Co.,* 42 Cal. App. 364 [183 Pac. 592]); and delays for periods approximating that in the case at bar have been held sufficient to justify a dismissal. (*Feather River etc. Co.* v. *Paradise Irr. Dist., supra; Marks* v. *Keenan,* 148 Cal. 161 [82 Pac. 772]; *Bernard* v. *Parmelee,* 6 Cal. App. 537 [92 Pac. 658]; *Bryson* v. *Harryman,* 118 Cal. App. 588 [5 Pac. (2d) 665].)

The circumstances here shown were sufficient to support the conclusion that the delay was unreasonable and that the defendants were prejudiced thereby; and we cannot say that there was an abuse of discretion.

The order is affirmed.