[Civ. No. 8973. Third Dist. Apr. 11, 1957.]

KENT F. ORDWAY et al., Appellants, v. MIKE ARATA, JR., Respondent.

*Assigned by Chairman of Judicial Council.

C. Ray Robinson and Donald E. Oren for Appellants.

O. F. Fenstermacher for Respondent.

SCHOTTKY, J.—This is an appeal from an order dismissing an action for want of prosecution.

On November 21, 1952, Kent F. Ordway and Edith Ordway filed an action against defendant Mike Arata, Jr., to recover the sum of $7,000 loaned to said defendant and evidenced by an instrument in writing. Summons was issued on the same day but the complaint and summons were not served upon defendant until June 27, 1955, two years, seven months and six days after the commencement of the action. On July 27, 1955, defendant filed a motion to dismiss the action for want of prosecution, and the court made an order dismissing the action on August 15, 1955. A motion to set aside the order of dismissal was denied on October 14, 1955.

Appellants make a vigorous attack upon the order of dismissal, contending that it was an abuse of discretion. They argue that the delay does not show lack of diligence but that

the peculiar extenuating circumstances of the instant case clearly show excusable delay. These circumstances, as detailed in the counteraffidavits of respondent Edith Ordway and Attorney Wallace W. Everett, Jr., may be summarized as follows:

Between November 21, 1952, and July, 1953, the plaintiffs attempted to ascertain the financial status of the defendant. On June 25, 1953, the plaintiffs' attorney, Wallace W. Everett, Jr., by a letter requested payment from defendant, but such letter was not answered. This fact was communicated to the plaintiffs, who informed their attorney of the illness of Kent Ordway and advised that upon his recovery he would communicate with Mr. Everett concerning further efforts at collection. Less than seven months after the action was filed Kent Ordway entered the St. Francis Hospital in San Francisco where it was discovered that he was suffering from malignant cancer. He remained in that hospital for over a month until August 14, 1953. On September 13, 1953, he reentered that hospital and remained until October 1, 1953. From October 6 to October 16, 1953, he was hospitalized in the Pittsburg Community Hospital. On October 28, 1953, he entered the Franklin Hospital where he remained until December 18, 1953, when he was transferred back to the Pittsburg Community Hospital. He remained there until his death on January 16, 1954. Thereafter, all of the business affairs were cast upon plaintiff, Edith Ordway.

On the advice of physicians, the attorney for plaintiff, Mr. Everett, was absent from active practice from July, 1954, to November 1, 1954.

The defendant was a friend of the plaintiffs. Edith was disturbed about disrupting that friendship and at the same time believed, following the death of her husband, that she was fully protected by the timely filing of this action. Between July 16, 1954, and April of 1955, Edith believed that the defendant was having considerable financial trouble. Out of consideration for such worries of the defendant and in view of her own worries and responsibilities, Edith refrained from enforcing any harassing or disrupting collection procedures. In the early part of May, 1955, Edith asked defendant when she could expect him to commence payment. Upon receiving the evasive answer that ''He would see what he could do,'' Edith promptly instructed her attorney to serve the defendant with process, which was done.

Because the counteraffidavits of appellants were not served

upon respondent's attorney until the time of the hearing of the motion, respondent was sworn and testified. His testimony was unreported but according to the respondent's brief respondent testified that the appellant Edith Ordway had, on or about April, 1949, told the respondent that he could have the money and that he could forget about it. He denied that the appellants attempted to ascertain his financial status. He testified that long before the service of summons upon him the respondent and Edith Ordway had terminated the intimate relationship and bad blood existed between the parties. The respondent did not have any knowledge of the pendency of the lawsuit, either before or after receiving the letter from Mr. Everett, of the law offices of C. Ray Robinson, dated June 25, 1953. His first knowledge of the action was when he was served.

Appellants do not directly deny that there was such unreported testimony but assert: ''Even considering the recollections of the respondent as to his unreported oral testimony, the circumstances disclosed by the entire record demonstrate that the dismissal of the action was an abuse of discretion.''

The statutes relating to dismissal of action for lack of prosecution are sections 581a and 583 of the Code of Civil Procedure. Under section 581a dismissal is mandatory on request of the party against whom the delay operates if there is (1) failure to issue summons within one year or (2) a failure to serve and make return thereon within three years. Under section 583 dismissal is mandatory upon failure to bring the action to trial within five years, and the court may (with certain exceptions not applicable here), in its discretion, dismiss the action for want of prosecution whenever plaintiff has failed for two years to bring the action to trial. �switch In addition to the statutory grounds for dismissal of actions for lack of prosecution the court has inherent power limited by sound discretion to dismiss an action for want of reasonable diligence in the prosecution thereof. (*Feather River etc. Co.* v. *Paradise Irr. Dist.*, 3 Cal.2d 733 [46 P.2d 147].)

In the instant case, as hereinbefore set forth, the summons was not served until two years, seven months and six days after the action was filed, and the question that we must determine is whether or not we should hold that the court abused its discretion in granting the motion to dismiss.

▪▪ The general rule is well expressed in *Thompson* v. *Lester*, 20 Cal.App.2d 745, at page 747 [67 P.2d 1093], as follows:

"The power of the court to dismiss for unreasonable delay in the service of summons is well settled. (*Feather River etc. Co.* v. *Paradise Irr. Dist.*, 3 Cal.2d 733 [46 P.2d 147].) This is without regard to the merits or demerits of the cause of action (*Bell* v. *Solomons*, 162 Cal. 105 [121 P. 377] ; and the order will not be disturbed unless the court's discretion has been abused. (*Lieb* v. *Lager*, 9 Cal.App.2d 324 [49 P.2d 886].) ▮ A plaintiff's lack of diligence is not excused by the fact that other proceedings are pending (*Kreiss* v. *Hotaling*, 99 Cal. 383 [33 P. 1125] ; *Watterson* v. *Hillside Water Co.*, 42 Cal.App. 364 [183 P. 592]) ; and delays for periods approximating that in the case at bar [14 months] have been held sufficient to justify a dismissal. [Citing cases.]"

In support of their contention that the court abused its discretion in granting the motion to dismiss the action, appellants have cited several cases in which such an order was reversed. The case most strongly relied on by appellant is *Jepsen* v. *Sherry*, 99 Cal.App.2d 119 [220 P.2d 819, 822]. In that case the defendant had filed four demurrers and an answer, and after the case had been set for trial made a motion to dismiss the action for failure to prosecute on the ground that it had not been brought to trial within two years. In reversing the order of dismissal the court said at page 121:

"This discretion is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice. (*Raggio* v. *Southern Pac. Co.*, 181 Cal. 472 [185 P. 171].) Each case must be decided on its own peculiar features and facts. (*First National Bank* v. *Nason*, 115 Cal. 626 [47 P. 595].) It is a well established policy of law to favor the avoidance of litigation by compromise. (*Hamilton* v. *Oakland School Dist.*, 219 Cal. 322 [26 P.2d 296].) While not always controlling, this sometimes has an important bearing. In *Ferris* v. *Wood*, 144 Cal. 426 [77 P. 1037], an order of dismissal was reversed, it appearing that the debt was owed, and that the delay occurred through the plaintiff's desire to effect a compromise. The court held that an excuse for the delay reasonably appeared and that in such a matter, unlike some others, a trial judge is in no better position than an appellate court in determining whether substantial justice has been done. The court then expressed the opinion that the dismissal there involved had tended to defeat, rather than to subserve, the ends of substantial justice.

. . . . . . . . . . . .

"In most of the cases where such a dismissal has been sustained either nothing was done by the plaintiff or no valid excuse for the delay was shown, and no unusual circumstances appeared. Unreasonable delay in litigation should be avoided; but all the circumstances should be carefully considered before a plaintiff is denied relief without a hearing. While it appears here, technically, that more than two years had elapsed before the trial date and that some of the delay was probably unnecessary, the excuse for the delay is not entirely unreasonable and there are other considerations which should not be overlooked.

. . . . . . . . . .

"The circumstances here were unusual, all of them should be considered, and an unjust effect should not be given to this procedural rule, which is merely optional. The defendants may owe the plaintiff nothing, but under the circumstances substantial justice requires that this issue should be determined by a trial on the merits. The drastic order made is not sustained by the record before us, and an abuse of discretion clearly appears."

Respondent in reply cites a number of cases which enunciate the rules stated in 16 California Jurisprudence 2d, section 28, page 176, as follows:

"The courts have inherent discretionary power independent of statute to dismiss an action on motion of the defendant where it is not diligently prosecuted, without regard to the merits or demerits of the cause of action. Certain sections of the Code of Civil Procedure have imposed on the courts a mandatory duty to dismiss actions in certain specified instances; but the courts' inherent power to dismiss for want of prosecution in other cases is unaffected, and remains, as before, limited only by a sound discretion. The only restrictions on the exercise of such discretionary power are that it must not be abused."

The principal case cited by respondent, and the one apparently relied upon by the trial court, is *Lieb* v. *Lager,* 9 Cal. App.2d 324 [49 P.2d 886], in which the court affirmed an order dismissing an action in which the summons had not been served until two years and three months after the action was filed. Said the court at page 326:

"Section 581a of the Code of Civil Procedure makes provision for mandatory dismissal of an action where summons is not served within three years. It is conceded, however, as indeed it must be, that courts may, in the exercise of a wise

discretion, dismiss a case when the delay in service is for a period shorter than that named in the statute. (9 Cal.Jur., p. 536.) It is appellant's contention, however, that where nothing more than the mere lapse of time is brought to the attention of the court—where no facts are established to show any prejudice resulting from the delay in serving summons—and the delay is less than three years, it is an abuse of power to dismiss an action; that in order to exercise discretion some facts other than the mere lapse of time must be addressed and presented to the court in order to enable it to exercise discretion, otherwise the arbitrary policy of the law as expressed by section 581a must govern, and only in cases where the delay is for three years or more can an order of dismissal be made. As above indicated, it is an inherent right, and therefore one existing independent of any statute, to dismiss a suit for a failure to prosecute it with due diligence. (*Grigsby* v. *Napa County,* 36 Cal. 585 [95 Am.Dec. 213]; *Raggio* v. *Southern Pacific Co.,* 181 Cal. 472 [185 P. 171].) As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use diligence to expedite his case to a final determination that there may be an end to litigation. The question of diligent prosecution is one largely committed to the discretion of the lower court. (*Ferris* v. *Wood,* 144 Cal. 426 [77 P. 1037].) The only limitation upon the exercise of the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused.''

Also cited by respondent and relied upon by the trial court is *Thompson* v. *Lester, supra,* in which the court affirmed an order dismissing an action because of a delay of 14 months in the service of summons. However, in that case there was evidence that defendants, owing to the delay, had lost certain rights to relief under the moratorium acts and that the property sold for less than its reasonable value.

No hard and fast rule can be laid down as to what constitutes an abuse of discretion. Each case must be judged upon its own factual situation, and upon an appeal in a case in which a trial court has exercised its discretion in ruling upon a motion to dismiss an action an appeallate court will not disturb that ruling unless a clear case of abuse of discretion is shown.

As was said in the early case of *Lybecker* v. *Murray,* 58 Cal. 186, where the court said at page 189:

''. . . Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by

legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case.''

In *Berry* v. *Chaplin,* 74 Cal.App.2d 669, the court said at page 672 [169 P.2d 453]:

''. . . In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. (*Makzoume* v. *Makzoume,* 50 Cal.App.2d 229, 231 [123 P.2d 72].) An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Cases cited.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Cases cited.]''

And in *Fine* v. *Fine,* 76 Cal.App.2d 490, the court said at page 495 [173 P.2d 355]:

''In determining the question as to whether an abuse of discretion occurred in this case, we have in mind the language employed in *Clavey* v. *Lord* (1891), 87 Cal. 413 [25 P. 493], where the court said (p. 419): 'The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused. While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice.' (See, also, *Hale* v. *Hale* (1935), 6 Cal.App.2d 661, 663 [45 P.2d 246].)''

See also *Estate of Selb,* 93 Cal.App.2d 788 [210 P.2d 45].

We have concluded that taking into consideration the facts and circumstances shown by the record in the instant case there was an abuse of discretion in granting the motion to dismiss the action. As was said in *Berry* v. *Chaplin, supra,* ''In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered.''

While the purpose of the two year provisions in section 583 of the Code of Civil Procedure undoubtedly was to prevent unreasonable delay, we do not believe that it was ever the intention of the Legislature to provide that it would be a proper exercise of judicial discretion to grant a motion for

dismissal of an action under the circumstances shown by the record here. As a matter of sound public policy litigation should be disposed of upon substantial rather than on technical grounds.

The record here shows an action to recover money loaned, evidenced by an instrument in writing. There is nowhere in the record any denial that the money was borrowed, nor is there any statement that it was not due. While this alone would not justify a conclusion that the court abused its discretion, yet it is a circumstance which should be weighed with the other facts shown by the record, the relations between the parties, the serious illness and subsequent death of the husband, Kent Ordway, with the undoubted disrupting effect it would have upon the wife and the business affairs of the family, the illness of the attorney handling the case for the plaintiffs, and the absence of any showing that the defendant was injured by the delay. ▪ In view of these and other facts shown by the record we do not believe that under the authorities hereinbefore cited, the term "judicial discretion" is broad enough to sustain the court's order dismissing the action, for as stated in *Jepson* v. *Sherry, supra,* the discretion to be exercised in such a case is "one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of justice."

The order is reversed.

Van Dyke, P. J., and Peek, J., concurred.