[Civ. No. 5957.   Fourth Dist.   Feb. 26, 1959.]

Estate of VERNE CUTLER, Deceased. OLIVER WENDELL LLOYD et al., Appellants, v. ALPHONSE E. GANAHL et al., Respondents.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Appellants.

Alphonse E. Ganahl, in pro. per., and Ganahl, Ganahl & Seidler for Respondents.

GRIFFIN, P. J.—Verne Cutler, aged 76 years, died testate on November 19, 1956. On December 7, 1956, without contest, the will was admitted to probate and letters testamentary were issued. On June 6, 1957, one day before expiration of the six-months limitation period (Prob. Code, § 380), appellants herein, adult stepchildren of deceased, without notice to respondents, filed their petition to revoke probate of the will. The record indicates a citation was issued but never served or brought to the attention of respondents. About March 5, 1958, the executor received a letter from appellants' present attorney inquiring as to the status of the petition to revoke and wanted to discuss a possible settlement. For over nine months after filing such petition to revoke no action whatever was taken to serve a citation or copy of the petition on respondents, although their names and addresses, as well as the names and addresses of their attorneys, were fully disclosed by the record and these persons were well known to appellants' then counsel. During said period of inaction real property was sold in said estate and it was ready for distribution, but due to the filing of said petition for revocation, distribution could not be made.

On March 13, 1958, without further action on the part of contestants, respondents moved to dismiss appellants' petition on the ground of want of prosecution. Appellants filed an affidavit in opposition claiming the delay was due to unfamiliarity of appellants' attorney with the proper procedure and claimed there was a delay in mail service. Respondents claim the petition to revoke was filed only for the purpose of delay in effecting the distribution of the estate and thereby forcing a settlement; that the beneficiaries are the only children of deceased by his first marriage and that contestants are his stepchildren by a second marriage, their mother having predeceased decedent. The trial court, after hearing the matter on its merits, granted the motion to dismiss.

Appellants argue that under section 583 of the Code of Civil Procedure, an action such as this may not be dismissed by the court for want of prosecution within two years of its filing, citing *Estate of Morrison,* 125 Cal.App. 504, 507 [14 P.2d 102]; *Wilson* v. *Barry,* 119 Cal.App.2d 621, 624 [259 P.2d 991]; and *Hibernia Savings & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 729 [107 P.2d 494].

■■ Respondents claim that the power of the trial court to dismiss an action for failure on the part of plaintiffs to prosecute it with diligence is an inherent power which exists

independent of statutory provisions, and that the provisions of section 583, *supra,* and other related sections, including section 581a, must be read in the light of the existence of such inherent power, and the main limitation on the court's exercise of the discretionary power to dismiss an action for want of prosecution is that the power be not abused, citing such authority as *Netzley* v. *Hillstrom,* 122 Cal.App.2d 417 [265 P.2d 57]; *Hibernia Savings & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 [107 P.2d 494]; *Bryson* v. *Harryman,* 118 Cal.App. 588 [5 P.2d 665]; *Bernard* v. *Parmelee,* 6 Cal.App. 537, 542 [92 P. 658]; *Gray* v. *Times-Mirror Co.,* 11 Cal.App. 155 [104 P. 481]; *Lieb* v. *Lager,* 9 Cal.App.2d 324 [49 P.2d 886]; *Marks* v. *Keenan,* 148 Cal. 161 [82 P. 772]; and *Romero* v. *Snyder,* 167 Cal. 216 [138 P. 1002].

These authorities support generally this proposition of law and are particularly applicable to delay in probate matters pertaining to will contests, where no citation has been served within the time herein indicated, where the action has not been diligently prosecuted, and where such failure appears to be for the purpose of unduly delaying the early distribution of the estate, particularly where it might well appear that the delay is only an attempt to force some form of settlement, to the prejudice of petitioner. (*Horney* v. *Superior Court,* 83 Cal.App.2d 262 [188 P.2d 552]; *Focha* v. *Estate of Focha,* 8 Cal.App. 576 [97 P. 321]; *Steen* v. *City of Los Angeles,* 31 Cal.2d 542 [190 P.2d 937]; *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 539 [319 P.2d 624].)

We conclude that the court was authorized to grant the motion and no abuse of discretion affirmatively appears.

Order affirmed.

Shepard, J., and Mussell, J., concurred.