[Civ. No. 6007.   Fourth Dist.   Mar. 2, 1960.]

JOHN B. HOLT et al., Appellants, v. JACK M. PARDUE, Respondent.

Gonick, Norton, Petris & Schmid for Appellants.

Baker, Palmer, Wall & Raymond for Respondent.

SHEPARD, J.—This is an appeal from a judgment of dismissal for lack of diligent prosecution of an action for damages for personal injuries alleged to have been sustained in a motor vehicle accident. The basic facts are as follows:

August 23, 1954, plaintiffs' automobile was involved in a collision with a vehicle owned by defendant. Plaintiffs' son, Winfred Gerold Holt, was the driver of plaintiffs' car and plaintiffs' son, Keith L. Holt, and these plaintiffs were riding therein. The Holts were all residents, at all times mentioned herein, of the State of Louisiana. Sometime prior to January 14, 1955, defendant herein brought an action against said Winfred Gerold Holt in the Superior Court of Kern County (Action No. 63974). January 14, 1955, said Winfred Gerold Holt filed a cross-complaint in that action. June 20 to 28, 1955, said action No. 63974 was tried in the Superior Court of Kern County.

Also, in 1955, after the commencement of the Winfred Gerold Holt action but before the commencement of the action here at bar, another action growing out of the same accident was commenced in the Superior Court of Kern County by said Keith L. Holt (Action No. 65739). The exact date that this action was filed is not shown by the record before us. August 15, 1955, the action here at bar was filed in the Municipal Court of Bakersfield, Judicial District. May 28 to June 4, 1956, action No. 65739 (Keith L. Holt) was tried in the superior court. Both of these plaintiffs were present but no effort was made to serve this defendant. The judge who heard the testimony of these plaintiffs as witnesses in that action made the order of dismissal in the present proceeding. November 15, 1956, the complaint and summons in the action here at bar were served on this defendant and on November 26, 1956, his answer was filed. Thereafter this cause was set for trial for September 16, 1957, and on May 31, 1957, notice of said trial was served by plaintiffs on this defendant.

Prior to August 20, 1957, this defendant's counsel notified plaintiffs' counsel that he had a conflicting trial date on September 16 and asked for a readjustment of date of trial. No agreement was had and on August 20, 1957, defendant moved for a continuance or readjustment to a date before or after September 16. Plaintiffs opposed said motion and the motion was denied. September 16, 1957, at the commencement of the trial, plaintiffs moved for permission to amend the complaint to ask for greater damages. The motion was opposed by defendant on the ground that it would compel trans-

fer to the superior court and would automatically cause additional delay. The motion was denied and the cause proceeded to trial. The jury was unable to agree. The record does not show that any motion was again made at any time in the municipal court to reset the cause for trial. February 18, 1958, plaintiffs again moved for permission to amend the complaint to enlarge the allegations of and prayer for damages. This motion was opposed by a lengthy affidavit in which defendant, *inter alia,* recited the foregoing facts, claimed unconscionable delay and harassment in the filing and pursuit of successive actions which could have been filed as one action, contending that all of the matters respecting enhancing the character of injuries could reasonably have been discovered and known two years previously, alleging prejudice to defendant, inability to produce critical witnesses with adequate memory of what had occurred, and contending that the motion to amend was solely for the purpose of delay. February 20, 1958, plaintiffs' motion to amend was granted. March 4, 1958, the cause was transferred to the superior court. March 12, 1958, there was filed in the superior court the amendment to complaint, enlarging the allegations of damage and raising the prayer from $3,000 to $17,500 in the case of John B. Holt, and from $3,000 to $15,000 in the case of Josie P. Holt. April 28, 1958, defendant moved the dismissal of this action on the ground of unreasonable delay in prosecuting the cause to trial. May 7, 1958, defendant filed his answer to the amendment to the complaint. May 9, 1958, plaintiffs filed their memorandum to setting cause for trial. May 14, 1958, the court made its order for dismissal.

In support of defendant's motion for dismissal, affidavits were filed recounting, *inter alia,* most of the foregoing facts; that counsel for Keith L. Holt was the same counsel as is appearing in the present cause of action; that both plaintiffs testified in said cause and were present in the court room during the entire time of the said Keith L. Holt trial, and other details contending willful delay and harassment. Plaintiffs countered with an affidavit contending that all of defendant's innuendoes and conclusions pertaining to affiants' purposes and intentions were false and seeking to justify the alleged lack of diligence in the prosecution of the cause of action. Plaintiffs appeal from the judgment of dismissal.

Plaintiffs contend the court abused its discretion in that its order of dismissal was inconsistent with prior orders on identical issues of fact, that is, that the issues before the

court on the motion to amend the complaint were the same as those before the court on the motion for dismissal, and that the court's order for dismissal is inconsistent with the order of the municipal court permitting amendment. No authorities are cited in support of this contention and we find no merit in it. At the time the motion to amend was made there was no motion before the court for dismissal. The problems and issues on amendment of a pleading are substantially different from the problems on a motion to dismiss.

Next, plaintiffs contend that defendant, by having moved for a continuance in August of 1957, and having filed an answer, waived any laches in bringing the cause to trial, citing *Johnston* v. *Baker,* 167 Cal. 260 [139 P. 86]. The cited case involved the attempted application of Code of Civil Procedure, section 583, at a time when that section provided for discretionary dismissal for failure to bring the cause to trial within two years after *answer filed,* whereas at the present time that section provides for discretionary dismissal when the cause has not been brought to trial within two years after the *filing of the complaint.* As was pointed out in *Jackson* v. *De Benedetti,* 39 Cal.App.2d 574, 578 [103 P.2d 990], said section 583 has been amended and the Johnston case is of no help under the section as it now reads. The filing of defendant's answer herein on May 7, 1958, merely served the function of preventing plaintiffs from taking a default judgment in case the motion for dismissal herein was denied. The case of *Woley* v. *Turkus,* 51 Cal.2d 402 [334 P.2d 12], next cited, involved a written stipulation consenting to the making of a motion for summary judgment after the lapsation of the five-year period provided by said section 583. It likewise does not assist us.

Next, plaintiffs contend that the court abused its discretion in dismissing the action under the factual situation here at bar. Under the form of motion presented to the court in this case, three different considerations were possible. First, if the facts warranted the court might have dismissed under the mandatory five-year provisions of Code of Civil Procedure, section 583. The five-year provision, however, is clearly not applicable to the facts in the case at bar. Second, the question was presented as to whether or not the court's discretion might be exercised for dismissal because of plaintiffs' failure to bring the action to trial within two years, as is provided by the same section. It is clear that the defendant, prior to the commencement of the trial on September 16, 1957,

could have made a motion appealing to the discretionary power of the trial court for dismissal for failure to bring the action to trial within two years from the date of the filing of the action. Defendant made no such motion, choosing, rather, to go to trial. Such procedure on behalf of the defendant had the effect of waiving for purposes of that trial, the delays which had theretofore occurred. The mere fact that the trial did not result in a judgment either way did not, of course, destroy the fact that it was a trial within the meaning of said section 583. (*Clements* v. *Ragghianti*, 155 Cal.App.2d 188, 191 [2] [317 P.2d 706]; *Mastelotto* v. *Harbor Box & Lumber Co.*, 170 Cal.App.2d 429, 434 [2] [338 P.2d 988].) We conclude that since the defendant went to trial without making the motion to dismiss, he must be deemed to have waived the preceding delays for the purposes of that trial and that the court had no right to dismiss under the two-year provision of section 583.

The third consideration was whether or not the trial court could properly dismiss the case under its inherent power because of unreasonable delay after the trial September 16, as is referred to in *Clements* v. *Ragghianti, supra,* and in *Mastelotto* v. *Harbor Box & Lumber Co., supra,* at page 434 [3]. In considering this question, it must be remembered that the defendant at the trial of September 16 had protested against amendment for the reason that it would cause delay. It is apparent, therefore, that the defendant's failure to move for dismissal prior to that trial was not intended as a waiver of prior delays for all purposes. Furthermore, we are satisfied that when a motion for dismissal is directed to the court's inherent power, the court should consider the particular delay involved (here the time after trial) in the light of all of the circumstances and happenings affecting the entire progress of the case. Ordinarily the delay of approximately six months, which is here chargeable to plaintiffs, would certainly not be considered such a lack of diligence as to warrant dismissal. Nor would the filing of separate actions, as is here shown, nor the failure to serve the summons within a reasonable time, nor the motion for amendment under the circumstances here presented, be of themselves, standing alone, sufficient to warrant the action here taken.

However, the question of unreasonableness, to be considered by the trial judge, necessarily involved the affirmative contentions of the defendant that his case was being seriously

prejudiced by delay and also his contention that the delay was affirmatively purposeful on the part of the plaintiffs. If these questions were properly resolved against the plaintiffs, a decision of unreasonable delay on the part of the plaintiffs was well within the power of the trial judge. (*Feather River Land & Min. Co.* v. *Paradise Irrigation Dist.*, 3 Cal.2d 733 [46 P.2d 147]; *Thompson* v. *Lester*, 20 Cal.App.2d 745 [67 P.2d 1093].) We believe the question of the unreasonableness of the delay after the trial of September 16, 1957, was to be viewed by the trial court in the light of the cumulative effect of all of the matters disclosed by the affidavit, including the effect upon witnesses of being repeatedly called back into court on a matter in which they had no personal interest, the difficulty of relocating them each time, their natural lapse of memory, and all other matters disclosed by the record. We are unable to find, as a matter of law, that the action of the trial court was an abuse of discretion under the peculiar facts which were presented. Each case must be decided in the light of all the facts presented to the trial court. ▮ Since the trial court's order is the exercise of a discretionary power, the only limitation of which is that it be not abused, an appellate court will not interfere with the reasonable exercise of such power. (*Estate of Cutler*, 168 Cal.App.2d 261 [335 P.2d 731]; *Ordway* v. *Arata*, 150 Cal.App.2d 71, 77 [5] [309 P.2d 919]; *Welden* v. *Davis Auto Exchange*, 153 Cal.App.2d 515, 520 [3] [315 P.2d 33]; *Thompson* v. *Lester, supra.*) ▮ It is not necessary that the defendant affirmatively show the exact extent of the injury or prejudice that he has suffered by the delay. (*Welden* v. *Davis Auto Exchange, supra.*) ▮ "An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order." (*Berry* v. *Chaplin*, 74 Cal.App.2d 669, 672 [3] [169 P.2d 453].) ▮ "An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated." [▮ " 'When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed.' " (*Preiss* v. *Good Samaritan Hospital*, 171 Cal.

App.2d 559, 564 [9, 12] [340 P.2d 661].) ██ "Every intendment and presumption not inconsistent with the record must be indulged in to support the action of the trial court." (*Smith* v. *Wiget,* 75 Cal.App.2d 591, 594 [4] [171 P.2d 563].)

Defendant cites *Jepsen* v. *Sherry,* 99 Cal.App.2d 119 [220 P.2d 819]; *Wilson* v. *Barry,* 119 Cal.App.2d 621 [259 P.2d 991]; and *Ordway* v. *Arata, supra,* as examples of cases in which a judgment of dismissal has been reversed even though the lapse of time was over two years, but each of those cases were under said section 583 for failure to bring to trial within two years after the filing of the action and the factual situation presented extremely extenuating circumstances for the plaintiff, and in two of them very considerable delay chargeable to the defendant himself. We do not find them helpful.

The judgment and order appealed from are affirmed.

Griffin, P. J., and Coughlin, J., concurred.