Dennis H. BROWN, Appellant,

v.

STATE of Alaska, and James Widmeyer, Appellees.

No. 2009.

Supreme Court of Alaska.

Oct. 7, 1974.

———◆———

Dennis H. Brown, in pro. per.

F. M. Doogan, of Faulkner, Banfield, Doogan, Gross & Holmes, Juneau, for appellee.

Robert H. Wagstaff, Anchorage, for amicus curiae.

Before: RABINOWITZ, C. J., and CONNOR, ERWIN, and FITZGERALD, JJ.

## OPINION

FITZGERALD, Justice.

This case is before the court on appeal from a final order dismissing a complaint under Alaska R.Civ.P. 41(e).[1] We find under the unusual circumstances of this case that such dismissal was an abuse of discretion. We reverse.

The appellant, Dennis Brown, filed an action December 11, 1968, against the State of Alaska, Carl D. Bartels, Larry Johnson, James Widmeyer and Steven Edward Herd.[2] He claimed that while he was a passenger on the state ferry *Matanuska,* he was set upon and assaulted by four passengers whom he identified as the personal defendants. Appellant's complaint against the state derives from the attack by the personal defendants. He asserts that the state negligently failed to maintain order on board the state operated *MV Matanuska,* or protect appellant against attack from the personal defendants who had been served liquor in the vessel's lounge.

On March 26, 1969, the state moved to dismiss the complaint alleging that it is not susceptible to claims arising out of assault and battery under the Tort Claims Act,[3] and the failure of Brown to file an undertaking for costs as required by law.[4] The trial court refused to dismiss the proceedings but required Brown to provide an undertaking of $750, which he posted in cash. The state then filed an answer denying liability, asserting numerous affirmative defenses and interposing cross-claims against the co-defendants. Subsequently, the state

1. This section provides:
   Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court or on motion at a call of the calendar. Such cases may also be dismissed for want of prosecution at any time on motion of any party upon notice to other parties.

2. Defendants Johnson and Herd have not filed an answer to the complaint. Bartels responded with the statement that all allegations made by Brown are true to the best of his, Bartel's, knowledge.

3. AS 09.50.250.

4. AS 09.50.260.

scheduled Brown for deposition on March 19, 1970. On that date Joseph Young, who was then Brown's attorney, appeared and stated that he had been unable to locate Brown but believed him to be incarcerated at Whitehorse in Yukon Territory, Canada.

The case was ordered to pre-trial, but the pre-trial was continued at Young's request.

In February of 1972 the state moved to dismiss under Alaska R.Civ.P. 41(e) for failure to prosecute. In support of the motion the state charged a general failure to prosecute and also specifically referred to Brown's failure to provide discovery by failing to appear for his deposition. The defendant Widmeyer also moved to dismiss for failure to prosecute. Mr. Young submitted his own affidavit in opposition to the motions. According to the affidavit, he stated that Brown had been incarcerated since February, 1970, and hence was not available for depositions. Young also disclosed his desire to withdraw from the case, stating that he had written Brown advising him to obtain other representation. However, Young agreed that he would not withdraw until Brown was able to secure other counsel.

At the hearing on April 28, 1972, the trial judge dismissed Brown's claims for failure to prosecute without prejudice, but allowed Brown three months to move to reinstate the action if he could show he had an attorney who would prosecute the case and if he would make himself available for his deposition.

On May 2, 1972, Mr. Young moved to withdraw from further representation of Brown. Young claimed that Brown was not cooperative and had failed to keep his counsel advised of his whereabouts. According to the affidavit Young submitted in support of his motion, he had not heard from Brown since September 7, 1971.

Brown was served by mail with copies of Young's motion and supporting affidavit. He promptly responded to the motion stating that he had been trying to obtain other counsel and that it was his understanding that Young would try to keep the case open until other counsel might be obtained. Brown wrote to Young on May 17 stating that he was very anxious to get the case settled and would appreciate anything Young could do to keep it alive until Brown should be able to proceed with it. In his correspondence Brown indicated his willingness to give a deposition at such time as he should be released from custody. He also suggested the possibility of having the deposition taken at the penitentiary. Young brought this information to the attention of the court before his motion to withdraw was to be heard. Nevertheless, following the hearing on Young's motion, the trial court authorized Young to withdraw from the case. Brown was not able to secure another attorney. The final judgment of dismissal without prejudice was entered on April 11, 1973.[5]

With the exception of a short period during which he was released on bond, Brown has been incarcerated at various penal institutions from February, 1970, until the present. As a result, he was not able to appear for his deposition in March of 1970, nor was he able to be present at the April 28, 1972, hearing on the motion to dismiss his claims. At that time the judge conditionally dismissed the complaint for failure to prosecute but allowed Brown to reinstate his claims if within three months he had obtained counsel willing to prosecute the case, and if he would make himself available for a deposition. In light of

---

5. This case does not present a situation where a prisoner was denied pursuance of a claim merely on the basis of his custodial status. The question of whether such action would be proper has not been decided in this jurisdiction. See Bush v. Reid, 516 P.2d 1215, 1217 n. 7 (Alaska 1973). The focus of the court's attention in this case is on whether the plaintiff has been diligent in prosecuting his claim, taking into consideration all extenuating circumstances.

the facts presented, we conclude that it was impossible for Brown to comply with either of the conditions although he has demonstrated his desire to do so.

A situation analogous to the instant case was presented in Ordway v. Arata,[6] where suit was filed in November of 1952 and the summons and complaint were not served on the defendant until June 27, 1955. The California Court of Appeals found the dismissal of the case for failure to prosecute to be an abuse of discretion on the part of the trial court. In reaching this decision the court noted that Ordway, who was co-plaintiff with his wife, had become seriously ill shortly after filing the suit and had been confined to a hospital until his death in January of 1954. Moreover, plaintiff's attorney, on the advice of physicians, was absent from active practice from July to November of 1954.[7] In vacating the dismissal, the appellate court quoted with approval from Jepsen v. Sherry,[8] stating:

"In most of the cases where such a dismissal has been sustained either nothing was done by the plaintiff or no valid excuse for the delay was shown, and no unusual circumstances appeared."

In the instant case Brown diligently attempted to prosecute his complaint. The record discloses that he consistently, though unsuccessfully, exercised diligence in his efforts to obtain counsel.[9] While we do not pass on whether the trial court should have allowed the withdrawal of Brown's attorney, we note that this served to seriously disadvantage Brown in his attempt to prevent dismissal of his claim. Brown's continued incarceration and frequent transfer from one penal institution to another further impeded efforts to prepare the case and bring it to trial. Moreover, despite his incarceration, Brown repeatedly expressed willingness to give his deposition by having it taken in the penitentiary if possible.

■ Rule 41(e) serves a salutary purpose in providing for termination of abandoned claims or claims which for one reason or another are not being diligently prosecuted. The rule should not, however, be applied reflexively. It should not be permitted to work an injustice where there are special circumstances impeding the plaintiff's efforts to prosecute his complaint. Thus, application of Rule 41(e) calls for the exercise of sound discretion by the trial court.[10]

The record in this case evidences special circumstances. It shows continual efforts on the part of appellant to pursue his claim and a series of unusual factors mitigating appellant's responsibility for the delay in prosecuting his complaint. Under these circumstances we hold that the trial court abused its discretion in granting the state's motion to dismiss.

We reverse with directions to reinstate Brown's action against the State of Alaska and James Widmeyer.

BOOCHEVER, J., did not participate.

---

6. 150 Cal.App.2d 71, 309 P.2d 919 (1957).

7. *See also* Rankin v. Shayne Brothers, Inc., 108 U.S.App.D.C. 47, 280 F.2d 55 (D.C. Cir. 1960); Jangula v. United States Rubber Company, 149 Mont. 241, 425 P.2d 319 (Mont.1967).

8. 309 P.2d at 922 quoting 99 Cal.App.2d 119, 220 P.2d 819, 823 (1950).

9. As disclosed in his letters to Mr. Young and the trial judge, Brown has made numerous attempts to interest other attorneys in taking the case. Among those contacted were the Lamp Program at the University of Washington School of Law and Alaska Legal Services.

10. *Cf.*, Schandelmeier v. Winchester Western, 520 P.2d 70, 74–75 (Alaska 1974).