Dennis H. BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. 2941.

Supreme Court of Alaska.

May 6, 1977.

---

Attorney's Fees In Average Cases

|  |  | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

Dennis H. Brown, in pro. per.

T. G. Batchelor, Faulkner, Banfield, Doogan & Holmes, Juneau, for appellee.

OPINION

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem.

DIMOND, Justice Pro Tem.

In December 1968 Dennis H. Brown commenced an action against the state and others for personal injuries suffered while a passenger on a state ferry. In April 1972, on motion by the state, the superior court dismissed Brown's action for want of prosecution pursuant to Civil Rule 41(e).[1]

Brown appealed to this court from the order of dismissal. The record showed that Brown had been incarcerated in various penal institutions since 1970. However, despite his lack of freedom, he had made diligent efforts to obtain the services of an attorney to take the necessary steps to prosecute his action and had offered to have his deposition taken in prison, if possible. In reversing the action of the superior court and ordering Brown's action reinstated, we stated:

> The record in this case evidences special circumstances. It shows continual efforts on the part of appellant to pursue his claim and a series of unusual factors mitigating appellant's responsibility for the delay in prosecuting his complaint. Under these circumstances, we hold that

1. Civil Rule 41(e) provides in part:

Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. . . .

the trial court abused its discretion in granting the state's motion to dismiss.[2]

Between 1970 and 1975 Brown was incarcerated on various charges almost continuously. He was released on parole in California on July 3, 1975. Two days later, he was arrested on a misdemeanor charge, and he remained in California, subject to the conditions of his parole, pending resolution of this charge. It was disposed of on October 23, 1975 with a fine and a one-year probation.

On November 20, 1975 the state again filed a motion to dismiss Brown's civil action for lack of prosecution. As of that time, Brown had taken no action to prosecute his claim since his first appeal had been decided. The record showed only a letter dated April 18, 1975 from attorney Robert Wagstaff to the clerk of the superior court, indicating that Brown had been released on parole and would soon be back in Alaska to prosecute his action.

A hearing on the state's November 1975 motion to dismiss was held on December 16, 1975. The court expressed its concern that Brown had presented no evidence supporting his claim that he had proceeded with due diligence under the circumstances. The court noted in particular that Brown could have asked his parole officer to contact the court and explain the restrictions imposed by the State of California on Brown's movement. Nevertheless, the court continued the matter until January 15, 1976 to allow Brown "to make [a] good showing as to what he has done as of this date." Specifically, the court requested information from Brown's parole board regarding whether Brown could have returned to Alaska by the time Mr. Wagstaff filed his opposition to the motion to dismiss.

At the January 15, 1976 hearing, the state presented an affidavit from its attorney, F. M. Doogan, indicating that the state had received no communication from Brown since the first appeal, except for the letter from Mr. Wagstaff and a copy of a letter from Brown to Wagstaff dated December 4, 1975, in which Brown asked Wagstaff to take appropriate action to prevent dismissal of his claim while he arranged for approval by the California Adult Authority of his return to Alaska. Mr. Doogan's affidavit further indicated that there had been no response to the motion to dismiss.

Brown testified on his own behalf at the hearing and was represented by attorney Middleton, appearing in place of Mr. Wagstaff. Brown stated that he had been in prison until July 1975 and that he had since then been required to stay in California as a condition of his parole. Although still on parole at the time of the hearing, Brown testified that he had been granted a special permit to travel to Alaska, that he could not have obtained permission to do so earlier, that he could transfer his parole to Alaska, and that he intended to prosecute the action.

The court granted the state's motion to dismiss Brown's action. In dismissing the action, the court noted that, during the seven-month period since July 1975, when Brown had been free to prosecute, he had failed to take any reasonable action.

On January 29, 1976 attorney Wagstaff filed a motion for reconsideration of the order of dismissal. A hearing was held on March 12, 1976, at which Brown was again represented by Mr. Wagstaff. The court found no basis for reconsideration and entered an order on April 14 denying the motion for reconsideration. Brown has appealed from that order.

■ In January 1976, when Brown's motion for reconsideration of the order of dismissal was filed, there was no provision in the Rules of Civil Procedure for a motion to reconsider.[3] However, as we have done in the past, we will handle this motion as we

2. *Brown v. State,* 526 P.2d 1365, 1368 (Alaska 1974).

3. Effective March 1, 1976, Civil Rule 77(m) provides for motions to reconsider decisions in the trial court. *Miller v. McManus,* 558 P.2d 891, 892 n. 1 (Alaska 1977).

would a motion under Civil Rule 60(b) for relief from the judgment.[4]

■ A motion to reconsider does not terminate the running of the time for filing an appeal from the judgment or order sought to be reconsidered. This is clear from the provisions of Appellate Rule 7(a).[5] What this means, then, is that this appeal from the denial of a motion to reconsider, like an appeal from a denial of a Civil Rule 60(b) motion for relief from judgment, does not bring up for review the final judgment of February 11, 1976 dismissing Brown's action for lack of prosecution. If the rule were otherwise, one could appeal from a final judgment after the time for filing an appeal had expired by utilizing a motion to reconsider under Civil Rule 77(m), and this would circumvent the rule limiting the time within which appeals may be taken and would frustrate the sound policy of having finality in litigation.[6]

The superior court's order of April 14, 1976, denying the motion to reconsider, was a final judgment and appealable. But the only question this appeal presents, as in the case of an appeal from a denial of a Rule 60(b) motion for relief from judgment, is the propriety of the denial of reconsideration. Such an appeal does not bring before us the merits of the earlier judgment of dismissal.[7]

In dismissing Brown's action, the court noted that, during the seven-month period since July 1975, when Brown was released on parole and was free to prosecute his claim, he had failed to take any reasonable action. In denying the motion for reconsideration, the court stated:

[P]laintiff had ample opportunity at the hearing on the Motion for Dismissal to present all information pertinent to the issues presented, and the supplemental evidence submitted by plaintiff in support of his Motion for Reconsideration of Dismissal did not establish any facts contrary to the findings of the court in the Order and Judgment of Dismissal of defendant State of Alaska.

The supplemental evidence referred to consisted of affidavits from Steve Abrams, Brown's parole officer in California and from Frank Gifford, Brown's former parole officer. These affidavits show that Brown, while on parole after July 3, 1975, had informed Gifford that he wanted to be transferred to Alaska to prosecute his civil action, that Gifford had informed Brown that this was impossible until an adjudication had been made of the misdemeanor charge of July 5, 1975, and that after October 23, 1975 Brown was able to travel to Alaska by requesting a travel permit from his parole agent.

Although Brown was able to travel to Alaska by October 23, 1975, he did not do so. He did nothing toward prosecuting his action, except to go to Alaska in January 1976 to attend the hearing on the state's motion to dismiss, where he had been al-

4. *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977).

5. Appellate Rule 7(a) provides in relevant part: (1) Appeals. The time within which an appeal may be taken to the supreme court is 30 days from the entry of the judgment appealed from.

. . . . .

(4) Motions That Terminate Time For Filing Appeal. The running of the time for filing an appeal is terminated by a timely motion filed in superior court pursuant to those rules of civil procedure enumerated in this section, and the full time for appeal is computed from the entry of any of the following orders made on timely motions:
[a] Granting or denying a motion for judgment under Civil Rule 50(b);

[b] Granting or denying a motion to amend or make additional findings of fact under Civil Rule 52(b), whether or not an alteration of the judgment would be required if the motion is granted;
[c] Granting or denying a motion to alter or amend a judgment under Civil Rule 59; or
[d] Denying a new trial under Civil Rule 59.
*See Corso v. State*, 563 P.2d 246, Opn. No. 1412 (Alaska 1977).

6. *See Wellmix, Inc. v. City of Anchorage*, 471 P.2d 408, 411 (Alaska 1970).

7. *Miller v. McManus*, 558 P.2d 891, 892 (Alaska 1977). *See Wellmix, Inc. v. City of Anchorage*, 471 P.2d 408, 411 (Alaska 1970).

lowed "to make [a] good showing as to what he has done as of this date." Apparently, the court felt Brown had done little or nothing to prosecute his action, because the motion for dismissal had been granted at the January hearing.

The fact, as brought out in the parole officers' affidavits in support of the motion for reconsideration, that Brown could not travel to Alaska until October 23, 1975, does not explain why Brown did not promptly travel to Alaska at that time, obtain counsel if possible, and take the necessary steps to prosecute his claim before he attended the hearing in January 1976. Nor does it explain why Brown, while on parole in California since July 1975, had taken no action to obtain an attorney or do anything else to prosecute his claim, even though he was unable to leave California until October of that year. Discovery procedures could have been utilized, and Brown could have offered to have his deposition taken in California, as he had originally offered to do while he was in prison. Thus, even though constrained by parole restrictions to remain in California until late October 1975, there were things that Brown might have done to indicate to the court and the state that he was diligently prosecuting his action to the best of his ability. This was not done. All that the record shows, in addition to the affidavits of the parole officers, is attorney Wagstaff's letter of April 18, 1975 to the clerk of the superior court, indicating that Brown had been released on parole and would soon be back in Alaska to prosecute the action.

■ Like a Civil Rule 60(b) motion for relief from judgment, a motion to reconsider a judgment of dismissal is addressed to the discretion of the trial court.[8] We shall reverse only in the event there has been an abuse of discretion. Abuse of discretion exists when we are left with the definite and firm conviction on the whole record that the trial judge has made a mistake.[9]

■ In our opinion on Brown's first appeal, which was from the judgment of dismissal entered in 1972, we stated that Civil Rule 41(e)

> serves a salutory purpose in providing for termination of abandoned claims or claims which for one reason or another are not being diligently prosecuted.[10]

This was ample notice to Brown that, upon his release from prison, it was incumbent upon him to promptly take appropriate steps to diligently prosecute his claim. The trial court's determination that this had not been done, which was obviously the basis for denying Brown's motion to reconsider the judgment of dismissal, was not an abuse of discretion.

AFFIRMED.

ERWIN, J., not participating.

8. *See Miller v. McManus,* 558 P.2d 891, 892 (Alaska 1977).

9. *Corso v. State,* 563 P.2d 246, Opn. No. 1412 (Alaska 1977); *Alaska Placer Co. v. Lee,* 502 P.2d 128, 132 (Alaska 1972), quoting from

*Gravel v. Alaskan Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967).

10. *Brown v. State,* 526 P.2d 1365, 1368 (Alaska 1974).