NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JAMES W. DOBSON, ) | |
| ) | Supreme Court No. S-17781 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-11-09818 CI |
| v. ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| TONI L. DOBSON, ) | <u>AND JUDGMENT</u>* |
| ) | |
| Appellee. ) | No. 1827 – April 28, 2021 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: James W. Dobson, pro se, Wasilla, Appellant. Toni L. Dobson, pro se, Chugiak, Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

I.    INTRODUCTION

The parents of five children have contested custody, child support, and marital property matters since their divorce a decade ago. In the motion at issue here, the father asked the superior court to reconsider issues it had already decided, but he did not identify any specific factual or legal errors in the court's prior rulings. We conclude the superior court did not abuse its discretion when it denied the father's motion.

---

\*    Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

James and Toni Dobson divorced in 2011. Toni has had primary physical custody of the children since that time, and she was granted sole legal custody in 2013. A 2016 order maintained Toni's physical and legal custody, clarified James's visitation schedule, and referred subsequent disputes to a "parenting coordinator/mediator." The parenting coordinator has the "authority to decide issues through a quick decision-making process after working with the parents to resolve their disputes." The order does not grant the coordinator "authority to modify legal custody, or to change the percentage of physical custody between the parents." But it does grant the coordinator authority to "resolve disputes" concerning "communication with" the children and "participation by others in one parent's time" with them.

James repeatedly contested the parenting coordinator's authority and decisions. The superior court repeatedly affirmed the coordinator's authority and adopted her recommendations.

On April 23, 2020, James moved for the superior court to "[a]cknowledge it [e]rred" by appointing and granting authority to the parenting coordinator. James presented no new evidence, instead repeating claims he had made before: that as a "private citizen," the parenting coordinator could not legally and constitutionally be given the power to make binding decisions in his case; that the parenting coordinator was biased against him; and that law enforcement should be ordered to pursue a criminal case against Toni and the parenting coordinator. In James's proposed order, he suggested that the court "rescind[]" its 2017 order appointing the parenting coordinator and order law enforcement to "investigate the matter of custodial interference."

The superior court denied James's motion because it was "duplicative of prior motion work filed by Mr. Dobson and addressed by [the superior court]" and because it "request[ed] relief that [the superior court] lacks authority to provide." The

court explained that James had a "full hearing, as well as numerous subsequent opportunities to request a hearing if there was new, relevant information or evidence" relating to the modification of custody. The court concluded:

> Mr. Dobson's . . . Motion for the Court to Acknowledge It Erred is not a new motion. It is an attempt to re-examine the past two-and-a-half years of litigation and orders in this case. In issuing this order, the [superior court] is not deciding any new substantive issue . . . ; rather, it is maintaining its prior orders — orders that have been in place for numerous months.

> James appeals from that order.

## III.   DISCUSSION

Based on our review of the record and the superior court's reasoning, the court's action is best characterized as a denial of a motion for reconsideration. "A trial court's decision to grant or deny a motion for reconsideration lies within its discretion. 'We shall reverse only in the event there has been an abuse of discretion.' "[1]

> Alaska Civil Rule 77(k)(1) provides:

> A party may move the court to reconsider a ruling previously decided if, in reaching its decision:

> (i) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling; or

> (ii) The court has overlooked or misconceived some material fact or proposition of law; or

> (iii) The court has overlooked or misconceived a material question in the case; or

> (iv) The law applied in the ruling has been subsequently changed by court decision or statute.

---

[1]    *Stephan P. v. Cecilia A.*, 464 P.3d 266, 272 (Alaska 2020) (quoting *Brown v. State*, 563 P.2d 275, 279 (Alaska 1977)).

As we have stated "the limited purpose of Rule 77(k) [is] to remedy mistakes in judicial decision-making where grounds exist, while recognizing the need for a fair and efficient administration of justice."[2] We refuse to "allow a motion for reconsideration to be used as a means to seek an extension of time for the presentation of additional evidence on the merits of the claim."[3]

James argues that the superior court's appointment of a parenting coordinator is illegal and an unconstitutional delegation of judicial power. He has made this same general argument since he first disagreed with the parenting coordinator's decisions starting from when she was appointed in 2016. He does not highlight any specific facts or law the superior court overlooked. Nor does he claim the underlying law has changed.

In *Stephan P. v. Cecilia A.* we ruled it was an abuse of discretion to deny a motion for reconsideration supported by a witness affidavit correcting a mistake in the court's understanding of prior testimony.[4] We explained: "A litigant may not introduce new evidence or arguments in the motion, but he may move for reconsideration if '[t]he court has overlooked or misconceived some material fact.' "[5]

Unlike in *Stephen P.*, in this case there was no discernible correction to the record. James's motion does not point to a single specific error or oversight by the

---

[2]     *Neal & Co. v. Ass'n of Vill. Council Presidents Reg'l Hous. Auth.*, 895 P.2d 497, 506 (Alaska 1995).

[3]     *Id.*

[4]     464 P.3d at 274.

[5]     *Id.* (alteration in the original) (footnotes omitted) (first citing *Katz v. Murphy*, 165 P.3d 649, 661 (Alaska 2007); then quoting Alaska R. Civ. P. 77(k)(1)(ii)).

superior court, but rather seeks to reargue the merits of old decisions. The superior court was within its discretion to deny this motion.

## IV. CONCLUSION

The superior court's decision is AFFIRMED.