NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

EMILIO PAREDES, )
) Supreme Court No. S-18948
Appellant, )
) Superior Court No. 3AN-18-08034 CI
v. )
) MEMORANDUM OPINION
AZACHOROK, INCORPORATED and ) AND JUDGMENT*
AZACHOROK CONTRACT )
SERVICES, LLC, ) No. 2097 – June 25, 2025
)
Appellees. )
)

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Kenneth P. Jacobus, Kenneth P. Jacobus, P.C., Anchorage, for Appellant. Craig Richards, Law Offices of Craig Richards, Anchorage, for Appellees.

Before: Carney, Borghesan, and Pate, Justices. [Maassen, Chief Justice, and Henderson, Justice, not participating.]

I. INTRODUCTION

A man appeals a superior court order dismissing his lawsuit with prejudice for want of prosecution. Seeing no error or abuse of discretion, we affirm.

---

\*        Entered under Alaska Appellate Rule 214.

## II.    FACTS AND PROCEEDINGS

In July 2018 Emilio Paredes sued Azachorok, Inc. and Azachorok Contract Services, LLC (collectively, Azachorok) for over $200,000 in lost wages and related damages.  Azachorok answered in October 2018, denying the allegations.  In October 2019 — after Paredes had taken no action in the case for over a year — Azachorok filed a motion to dismiss the lawsuit for want of prosecution.  The superior court found that "no proceeding, or trial or pretrial scheduling conference" had been scheduled or held during the previous 12 months and granted the motion dismissing Paredes's claims without prejudice under Alaska Civil Rule 41(e).[1]

Fourteen months later, in January 2021, Paredes moved to vacate the dismissal and reinstate his case.  His motion was accompanied by an affidavit of counsel.  In the affidavit, Paredes's attorney stated he had been hospitalized just before the October 2019 motion to dismiss was filed and had only recently learned that the case had been dismissed.  The attorney stated he had been incapacitated until July 2020 and was placed on inactive status by this court, unable to legally practice law until September 2020.  The attorney also explained that although trustee counsel had been appointed to his cases while he was on inactive status, he did not learn of the dismissal until she completed her duties and his files were returned to him in November 2020.  Paredes later stated in an affidavit that he had been hospitalized and homeless when the case was dismissed.  He also stated that he had talked to trustee counsel in 2020 about taking over the case but she declined, and Paredes unsuccessfully tried to hire a new attorney.  Azachorok opposed reinstatement.

---

[1]    Alaska R. Civ. P. 41(e) authorizes dismissal for want of prosecution when "the case has been pending for more than one year without any proceedings having been taken, or . . . no trial or mandatory pretrial scheduling conference has been scheduled or held."

The superior court heard oral argument on the motion in April 2021. In July it vacated the dismissal and reinstated the case. The court also ordered that "[e]ither party may now file any motion they deem appropriate to seek a trial setting conference or otherwise move the case forward."

No motion was filed for over a year. Then, on August 15, 2022, Paredes filed a motion for a 120-day partial stay to "allow[] the parties to discuss the possible settlement of the case" and "demonstrate to the Court that the case is being prosecuted and not ignored." The court granted the partial stay "for the purpose of allowing the parties to discuss the possible settlement." No discovery, settlement, or mediation efforts were made during the stay.

Azachorok filed a second motion to dismiss with prejudice for want of prosecution in January 2023. In the motion Azachorok provided a timeline of events in the case and concluded that the case "is now *four and a half years old*" (emphasis in original) but no proceeding or trial setting conference had been scheduled or held. Azachorok argued that the case should be "automatic[ally]" dismissed under Rule 41(e).

Paredes opposed, arguing that his stay request was a proceeding precluding dismissal under Rule 41(e). His attorney also asserted that he had taken no action during the stay because he fell ill again in September 2022 and Paredes had been out of the state for several weeks. He also refiled an unsigned copy of Paredes's affidavit describing his homelessness, hospitalization, and attempts to find a new lawyer to take over the case.

The superior court granted the motion to dismiss. The court first noted that it had "last heard from the parties" in April 2021, more than a year before Paredes's motion for stay was filed. The court observed that "[t]here is no indication that the Motion to Stay was filed for any purpose other than to prevent the Court from dismissing this case for want of prosecution" and that Paredes had admitted that was

his purpose. The court recognized Azachorok's "steep burden" to prevail on its motion, and its own obligation to consider lesser alternatives than dismissing the case. But it found that dismissal for want of prosecution was appropriate.

The court detailed the previous course of the case. It cited Paredes's attorney's duty under the Rules of Professional Conduct to "act with reasonable diligence and promptness in representing a client"[2] and specifically his duty to withdraw from representation or secure co-counsel if his health issues made it impossible to move the case forward. The court observed that no action had been taken in the case "even with this motion [to dismiss for want of prosecution] pending." It concluded that "[u]nder these circumstances, the Court finds no basis upon which to excuse the years-long delay that has taken place in this case." It therefore dismissed the case with prejudice.

Paredes filed a motion to vacate and a motion for reconsideration, both of which were denied. He now appeals.

## III.   STANDARD OF REVIEW

We review the interpretation of court rules de novo, exercising our independent judgment and adopting "the rule of law that is most persuasive in light of precedent, reason, and policy."[3]  But "[t]he decision of whether to dismiss an action under Civil Rule 41(e) lies within the sound discretion of the trial court."[4]  We review this decision for abuse of discretion.[5]

---

**2**      Alaska R. Prof. Conduct 1.3.

**3**      *Jackson v. Sey*, 315 P.3d 674, 676-77 (Alaska 2013) (quoting *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009)).

**4**      *Highlight Canyon, LLC v. Cioffoletti*, 533 P.3d 929, 932 (Alaska 2023) (quoting *Power Constructors, Inc. v. Acres Am.*, 811 P.2d 1052, 1054 (Alaska 1991)).

**5**      *Id.*

## IV. DISCUSSION

### A. Paredes Failed To Prosecute His Case For More Than One Year.

Alaska Civil Rule 41(e)(1) authorizes dismissal for want of prosecution if: "(A) the case has been pending for more than one year without any proceedings having been taken, or (B) the case has been pending for more than one year and no trial or mandatory pretrial scheduling conference has been scheduled or held." Dismissal under this rule is a two-step process. First, the court must determine whether there has been a proceeding or whether a trial or scheduling conference has been scheduled or held.[6] A proceeding is a docketed action "which reflects the serious determination . . . to bring the suit to resolution . . . [or] that the suit is not stagnant."[7] Next, the court must consider whether good cause exists for the delay.[8] If it answers "no" to both questions, the case should be dismissed.[9]

Paredes argues that his stay request is a proceeding under Rule 41(e)(1)(A). He contends that it "showed that a step had been taken to try to resolve the case, and that the case was not stagnant." We disagree. Paredes's motion was intended to, and did, pause the case. But it did so for the specific purpose of allowing time to attempt to settle the case before it would be subject to dismissal under Rule 41(e). Stopping the Rule 41(e) clock and then doing nothing "which reflects the serious determination . . . to bring the suit to resolution"[10] fails to demonstrate that the suit is

---

**6** *Id.*

**7** *Id.* at 933-94 (first alteration in original) (quoting *Power Constructors*, 811 P.2d at 1053-54).

**8** *Id.* at 932; *see also* Alaska R. Civ. P. 41(e)(3) ("If good cause . . . is not shown . . . , the court shall dismiss the action.").

**9** *See Highlight Canyon*, 533 P.3d at 933-35.

**10** *Azimi v. Johns*, 254 P.3d 1054, 1066 (Alaska 2011) (alteration in original) (quoting *Shiffman v. K, Inc.*, 657 P.2d 401, 403 (Alaska 1983)).

not stagnant. And in any event, no trial or mandatory pretrial scheduling conference had been held in the 18 months between the lawsuit's reinstatement in July 2021 and Azachorok's second motion to dismiss in January 2023. Paredes's case therefore could appropriately be dismissed under Rule 41(e)(1)(B).[11]

Paredes argues that his failure to prosecute the case should be excused. He asserts that his attorney's repeated health problems and his own hospitalization and homelessness are good cause for his inactivity. But whether there was a reasonable excuse for his lack of prosecution is a question committed to the superior court's discretion to decide.[12] We have cautioned that Rule 41(e) "should not be permitted to work an injustice where there are special circumstances impeding the plaintiff's efforts to prosecute his complaint."[13] But not all special circumstances establish good cause, nor do they excuse a party's lack of diligence in prosecuting a case.[14]

Only once, in *Brown v. State*, have we reversed a Rule 41(e) dismissal after concluding that the plaintiff's failure to prosecute the case was excused.[15] In that case, the record showed "continual efforts" by the plaintiff to litigate his claim and "a series of unusual factors mitigating [his] responsibility for the delay."[16] The plaintiff's

---

[11]     *See Ennen v. Intogen Indem. Corp.*, 268 P.3d 277, 281 (Alaska 2012) ("We may affirm the superior court on any basis appearing in the record." (quoting *Far N. Sanitation, Inc. v. Alaska Pub. Utils. Comm'n*, 825 P.2d 867, 869 n.2 (Alaska 1992))).

[12]     *Highlight Canyon*, 533 P.3d at 932.

[13]     *Brown v. State* (*Brown I*), 526 P.2d 1365, 1368 (Alaska 1974).

[14]     *E.g.*, *Highlight Canyon*, 533 P.3d at 934-35 (failure to obtain attorney); *Willis v. Wetco, Inc.*, 853 P.2d 533, 534-36 (Alaska 1993) (strategic delay); *Power Constructors, Inc. v. Acres Am.*, 811 P.2d 1052, 1055-56 (Alaska 1991) (substitution of counsel); *Brown v. State* (*Brown II*), 563 P.2d 275, 279 (Alaska 1977) (unexcused absence from state).

[15]     *Brown I*, 526 P.2d at 1368.

[16]     *Id.*

incarceration, "frequent transfer from one penal institution to another," and his attorney's withdrawal constituted these "unusual factors."[17] Yet despite these challenges, the record reflected that the plaintiff "consistently, though unsuccessfully, exercised diligence in his efforts to obtain counsel" and "repeatedly expressed willingness to give his deposition."[18]

Although Paredes faced unusual obstacles, his efforts to move his case along do not show the same diligence as in *Brown*. His hospitalization and homelessness began before the superior court reinstated his suit. Those circumstances could have excused his initial neglect, but he provided scant explanation and no evidence to mitigate his inaction after the case was reinstated. Even if his attorney's health problems in September 2022 prevented Paredes from participating in discovery or settlement negotiations, he did not present any evidence of his efforts to move his case forward after that setback or of efforts taken before his attorney fell ill again. Nor did he explain why he was out of the state for several weeks or why that prevented further progress. The superior court did not abuse its discretion by declining to excuse his inaction.

### B. Dismissal With Prejudice Was Not An Abuse Of Discretion.

Rule 41(e) authorizes the court to dismiss a case with prejudice.[19] Because "we are reluctant to bar a litigant from his day in court," dismissals with prejudice are "reserved for gross violations of the rule."[20] The court also must consider whether

---

[17]    *Id.*

[18]    *Id.*

[19]    *See* Alaska R. Civ. P. 41(e)(4).

[20]    *Zeller v. Poor*, 577 P.2d 695, 697 (Alaska 1978).

lesser sanctions would remedy the harm to the opposing party caused by the plaintiff's inaction.[21]

Paredes argues that his lack of prosecution was neither intentional nor a gross violation of his obligation to move his case forward. He argues that the superior court abused its discretion by dismissing the case with prejudice. Azachorok responds that dismissal with prejudice was warranted by the "extreme delay," which it says resembles that in *Power Constructors, Inc. v. Acres American*.[22]

In *Power Constructors*, we held that a party's "unexcused failure to proceed with its case for three years justifies dismissal with prejudice under Civil Rule 41(e)."[23] The plaintiff in that case "did nothing to pursue its claim for over 15 months" after filing its case.[24] Then, after receiving additional time for new attorneys to familiarize themselves with the case and conduct depositions, the plaintiff "did not take, or even schedule, a single deposition."[25] We affirmed the superior court's dismissal with prejudice because Power Constructors did not take "any affirmative action to move the case forward until after the court issued its second notice of dismissal . . . three years after the case was filed."[26]

This lawsuit followed a similar pattern of delay. Paredes "did nothing"[27] to pursue his claim for two and a half years after filing. Then, despite having a second chance to prosecute his case after the court reinstated it, he failed to take any action for

---

[21]   *Willis v. Wetco, Inc.*, 853 P.2d 533, 536 (Alaska 1993).

[22]   811 P.2d 1052 (Alaska 1991).

[23]   *Id.* at 1055.

[24]   *Id.*

[25]   *Id.*

[26]   *Id.*

[27]   *Id.*

more than year. After that year had passed and in order to avoid a second dismissal, he moved for and was granted a stay of four additional months to discuss settlement offers and conduct discovery. He did nothing during those four months: Paredes did not "contact [Azachorok] regarding possible settlement and/or discovery, settlement conferences, or mediation," and his attorney did not inform Azachorok or the court when he fell ill again, leaving both "in the dark as to the status of [the] case."[28] His failure to take action for some 18 months after his case was reinstated exemplifies the type of extreme delay for which dismissal with prejudice is the appropriate sanction.[29]

Paredes next contends that the court failed to consider alternative sanctions. Because dismissal with prejudice is an extreme penalty, we have held that courts must consider whether lesser sanctions would remedy the harm of delay to the adverse party.[30] But "[w]e do not require the court to make explicit findings concerning alternative sanctions, nor do we require it to examine every single alternative remedy to dismissal."[31] The record here "clearly indicate[s] a reasonable exploration of possible and meaningful alternatives."[32] Both Paredes and Azachorok suggested options: scheduling a pretrial or trial-setting conference, ordering Paredes to pay for Azachorok's costs associated with the delay and requiring payment before scheduling

---

**28** *Id.*

**29** *See Brown II*, 563 P.2d 275, 278-79 (Alaska 1977) (holding that denial of motion to reconsider dismissal for want of prosecution was not abuse of discretion when plaintiff did not act for seven months after case was reinstated).

**30** *Power Constructors*, 811 P.2d at 1055-56.

**31** *Id.* at 1055.

**32** *Id.*

a trial date. The court considered and rejected those proposals, concluding that dismissal with prejudice was the only appropriate course under the circumstances.[33]

Paredes's final challenge is that the prejudice Azachorok claimed it incurred from the delay is insufficient to justify extinguishing his claim. But Rule 41(e) does not require a showing of actual prejudice when, as here, the delay is unreasonable.[34] Dismissal would have been appropriate even if Azachorok had not demonstrated any prejudice.

## V. CONCLUSION

We AFFIRM the superior court's dismissal with prejudice.

---

[33] *See id.* at 1055 & n.6 (concluding that denial of motions with proposed options sufficiently demonstrated court's consideration of alternative sanctions).

[34] *Id.* at 1056 n.7.